IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


```
-------------------------------------------  :
HERMAN JORDAN                                :
                                             :  CASE NO.  4:05 CV 2144
                              Petitioner     :
                                             :
                                             :
               -vs-                          :
                                             :  MEMORANDUM OF OPINION
UNITED STATES PAROLE                         :
      COMMISSION, et al.                     :
                                             :
                              Respondents    :
-------------------------------------------  :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 9 September 2005, pro se petitioner Herman Jordan filed the above-
captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF 1).
Mr. Jordan, who is incarcerated at the Northeast Ohio Correctional Center in
Youngstown, Ohio ("NEOCC"), brings this action against R. Tapia, Warden at NEOCC
and the United States Parole Commission.  (Id.)  Mr. Jordan maintains that his parole
should not be revoked because respondents failed to conduct a prompt parole
revocation hearing.  (Id.)  For the reasons set forth below, Mr. Jordan's petition is
denied and this case is dismissed.

### Factual Background

On 9 April 2005, Mr. Jordan was arrested in Pittsburgh, Pennsylvania and
charged with two counts of burglary.  (ECF 1, at 1).  On 11 April 2005, the United States
Marshals Service for the Western District of Pennsylvania issued a detainer for Mr.
Jordan based on a Federal Parole Violation Warrant.  (ECF 1, Ex. 1 (providing copy of a
federal detainer dated 11 April 2005)).  The detainer was directed to the Allegheny

County Jail in Pittsburgh, Pennsylvania, where Mr. Jordan was held pending adjudication of his state charges. (Id.) On 6 June 2005, Mr. Jordan posted bond for the state charges, and a warrant for his arrest was executed on 27 June 2005. (ECF 1, at 1). The United States Marshals then transported Mr. Jordan to NEOCC on 1 July 2005. (Id.)

On 22 July 2005, twenty-one days after the United States Marshals' transported Mr. Jordan to NEOCC, Mr. Jordan was given a Preliminary Interview. (ECF 1, at 1). During the Preliminary Interview, Mr. Jordan admitted to "the only charge on the warrant application which is 'Failure to Report Change in Residence.'" (Id.) Mr. Jordan claims his interviewer advised that "his recommended decision for that type of violation is (60) days to (6) months." (Id. at 1-2). At the end of the Preliminary Interview, the interviewer gave Mr. Jordan a "parole packet" that included a letter dated 18 July 2005 from Parole Case Analyst, Lynne E. Jenkins to the "Chief U.S. Probation Officer." (Id. at 2 and Ex. 3). The 18 July 2005 letter concerned a "Preliminary Interview Request" for Mr. Jordan and was stamped "Please Expedite." (ECF 1, Ex. 3). The 18 July 2005 letter also informed that "[t]he Commission must advise the offender, within 21 days following the preliminary interview, if there is probable cause to continue holding him in custody pending a final revocation hearing." (Id.)

On 2 August 2005, Mr. Jordan sent a letter to Ms. Jenkins indicating his desire to "resolve my technical violation" and informing her that he has "been in Federal and State custody since April 9, 2005." (ECF 1, Ex. 5). Explaining that he could resolve his "case in Allegheny County much easier" once the federal violation is resolved, Mr. Jordan requested a "speedy decision on my violation." (Id.) Receiving no response

2

from Ms. Jenkins or the Parole Commission, Mr. Jordan telephoned Ms. Jenkins on 15 August 2005.  (ECF 1, at 2).  During that call, Ms. Jenkins allegedly advised Mr. Jordan that she needed more time to make a decision.  (Id.)

Mr. Jordan subsequently sent a letter on 25 August 2005 to the United States Chief Probation Officer for the Northern District of Ohio explaining that it had been over twenty days and he still had not received a Notice of Action.  (ECF 1,  Ex. 6).  The next day, Mr. Jordan sent a letter to the United States Parole Commission voicing his concern that he had not received a Notice of Action and requesting an Order for his release.  (ECF 1, Ex. 7).  On 7 September 2005, Mr. Jordan was presented with a form permitting Mr. Jordan to elect an expedited revocation by U.S. Probation Officer Kevin Clements.  The proposal allowed Mr. Jordan to waive an in-person revocation hearing, accept responsibility for the violation behavior and obtain a decision on the record.[1]  On 16 September 2005, Mr. Jordan declined the offer of an expedited revocation, on the express condition that he chose an in-person revocation hearing.

On 9 September 2005, Mr. Jordan filed this petition.  (ECF 1).  In his petition, Mr. Jordan asserts that his rights as a parolee under the Due Process Clause of the United States Constitution have been violated because:  (1) he was never informed whether a "probable cause" determination had been made after his preliminary interview; and (2) the Parole Commission failed to hold a final revocation hearing within a reasonable period of time after his preliminary interview was held.  (ECF 1, at 3-4).  Citing 28 C.F.R. § 2.101(d)(2), Mr. Jordan claims that the Parole Commission regulations mandate that a

---

[1]Pursuant to 28 C.F.R. § 2.66, an alleged parole violator who has been given a preliminary interview under 28 C.F.R. § 2.48, and whose violator behavior was graded Category One, like Mr. Jordan, is entitled to an expedited proposal.

3

parolee shall be notified of a final decision within twenty-one days from the date of the preliminary interview.  (Id.)  Furthermore, Mr. Jordan contends that Long v. Gaines, 167 F. Supp.2d 75 (D.D.C. 2001) and Morrisey v.  Brewer, 408 U.S. 471 (1972), support his assertion that the failure to provide a prompt revocation hearing violates a parolee's constitutional rights.[2]  (Id. at 3).  Mr. Jordan moves "for release and to expedite the proceedings."  (Id. 1).  In his prayer for relief, Mr. Jordan requests "such relief . . . as may be appropriate," in the event "the Commission fails to present a satisfactory plan to resolve the subject problems."  (Id. at 3).

## *Jurisdiction*

If a petitioner seeks to challenge the execution of his sentence, he may file a §2241 petition in the district court having jurisdiction over his custodian.  United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001).  When Mr. Jordan filed his petition, he was physically held at NEOCC at the direction of the United States Parole Commission.  Thus, this Court has personal jurisdiction for federal habeas purposes even if Mr. Jordan has been transferred to a prison outside the Northern District of Ohio (ECF 4 (providing notice of transfer to a Federal Detention Center in Philadelphia, Pennsylvania)).  See Ex parte Endo, 323 U.S. 283, 307 (1944) ("Th[e] objective [of habeas relief] may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court.")

## *The Legal Standards*

_____

[2]The authority relied upon by Mr. Jordan, Long v. Gaines and 28 C.F.R. § 2.101, apply only "to [a] parolee who is retaken and held in custody in the District of Columbia." 28 C.F.R. § 2.101(a).   Mr. Jordan is not in custody in the District of Columbia; thus, his reliance upon such authority is misplaced.

The Supreme Court has held that a parolee is entitled to due process before his parole may be revoked. Morrissey v. Brewer,  408 U.S. 471, 488-89 (1972).[3]  Under the Parole Commission and Reorganization Act, 18 U.S.C. § 4201 et seq, (the "Reorganization Act"),[4] an accused is entitled to receive a revocation hearing within ninety days of the date of his or her arrest .  See 18 U.S.C. § 4214(c) ("Any alleged parole violator who is . . . retaken by warrant . . . shall receive a revocation hearing within ninety days of the date of retaking . . . .").

The Reorganization Act is silent about the appropriate remedy when the Parole Commission fails to act within the statutory deadlines.  The legislative history of the Act indicates that the legislature viewed release of the parolee as too severe a remedy.  In advising acceptance of the conference committee report, Senator Burdick noted with respect to decision making deadlines:

> The legislation establishes certain deadlines for the Commission's decision making, but the conferees acknowledge that from time to time extraordinary reasons may result in delay in making any of the decisions.   If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the

_____

[3]Whether a delay signals the potential violation of a parolee's due process must be decided based on the same standards set forth in Barker v. Wingo for determining whether a defendant's constitutional right to a speedy trial has been denied.  The four factors to be considered under Barker are:  (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant as a result of the delay.  Barker v. Wingo,  407 U.S. 514, 530-32 (1972).

[4]Although the statute was repealed in 1984, under §11017(a) of the 21st Century Department of Justice Appropriations Authorization Act, Pub.L. No. 107-273, certain repealed provisions of the United States Code governing federal parole, including 18 U.S.C. § §  4201-18, remain in effect through 1 November 2005 for individuals who were convicted prior to 1 November 1987.   Mr. Jordan indicates that his initial conviction was in 1985.  (ECF 1, Ex. 7).

> prisoner or parolee is to compel the decision, not release
> from custody.

122 Cong.Rec. S 2572, 2573 (daily ed. March 2, 1976) (remarks of Sen. Burdick). <u>See</u> <u>also</u> <u>Smith v. United States,</u> 577 F.2d 1025, 1027-29 (5th Cir.1978) (dealing with a similar provision--18 U.S.C. § 4214(c)); <u>Sutherland v. McCall,</u> 709 F.2d 730 (D.C.Cir.1983). Thus, an appropriate remedy is to compel a decision by the Commission.

### *Analysis*

Here, Mr. Jordan's initial arrest on 9 April 2005 was the result of state charges. (ECF 1, at 1). A federal detainer issued on 11 April 2005, but Mr. Jordan was not arrested on his federal parole violator warrant until 27 June 2005. (<u>Id.</u>). The timeliness of any revocation hearing must be measured from the date Mr. Jordan was actually arrested – not the date a federal detainer issued. <u>Moody v. Daggett</u>, 429 U.S. 78, 87 (1976) (holding that the issuance of a detainer does not trigger due process concerns because "loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant"). Thus, Mr. Jordan should have had a revocation hearing by 24 September 2005 at the latest.

Mr. Jordan filed his petition on 9 September 2005 – prior to the deadline for holding a revocation hearing. Further, shortly after Mr. Jordan filed his petition with this Court, (and still before the deadline for holding a timely revocation hearing), Mr. Jordan rejected the opportunity to have an expedited revocation by U.S. Probation Officer Kevin Clements, on the express condition that he chose an in-person revocation hearing. Mr. Jordan then moved this Court for an "injunction to stop me from being

moved until after my motion proceedings."  (Letter dated 19 September 2005, from Herman Jordan to Judge Wells).

Mr. Jordan filed his petition before the time for holding a revocation hearing had even passed, and the Commission made efforts to resolve Mr. Jordan's status.  Mr. Jordan not only rejected the Commission's timely effort to resolve his status, but he moved this Court to prevent a hearing from being held – again, before the time for holding a revocation hearing had passed.  Under these circumstances, Mr. Jordan cannot argue that his due process rights have been abridged, and he cannot obtain the intervention of this Court.  Mr. Jordan's petition is dismissed.

### Conclusion

For all of the foregoing reasons, Mr. Jordan's petition is dismissed without prejudice.

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 20 January 2006

7